IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES GERADS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3672-SMY |
| | ) |
| 84 LUMBER COMPANY, a Limited Partnership, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Gerads originally filed this action in state court, asserting personal injury claims arising from his exposure to asbestos from numerous defendants' products. Following removal, this case is now before the Court for consideration of Defendants Redco Corporation ("Redco"), Hercules LLC, ("Hercules"), General Electric Company ("GE"), and TKD, Inc. ("TKD") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 26, 34, 38, and 42)[1], to which Gerads responded (Doc. 65). For the following reasons, the motions are **DENIED**.

## Background

Gerads makes the following relevant allegations in the Complaint: Gerads was exposed to asbestos-containing products from various sources while working with asbestos-containing products that were designed, manufactured, sold, distributed, or installed by Defendants. Specifically, he was exposed to asbestos contained in the defendants' products while working as a

---

[1] Defendants GE, Hercules, and TKD also sought dismissal based on lack of personal jurisdiction under Rule 12(b)(1) but have moved to withdraw those portions of their respective motions (Docs. 58, 59 and 60). The motions to withdraw are **GRANTED**.

machine operator at St. Regis Paper Company from 1967 until 1968. Gerads was next exposed to asbestos while serving as a boiler technician in the U.S. Navy aboard the USS Preble and USS Rathburne from 1968 through 1972. He was also exposed to asbestos during his careers as a carpenter, a boiler maker, and a boiler operator from 1972 through 2008. In addition to his exposure from professional settings, Gerads was exposed to asbestos while performing auto repairs and remodeling homes.

Defendants knew or should have known that the asbestos fibers contained in their products had a toxic effect upon the health of persons inhaling, ingesting, or otherwise absorbing them. Defendants had a duty to exercise reasonable care for Gerads' safety and others working with their products but failed to do so. As a result of Defendants' negligence, Gerads developed lung cancer in March 2021.

## **Discussion**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Defendants argue the Complaint fails to identify the asbestos-containing products manufactured, sold, distributed, or installed by each defendant which caused Gerads' alleged exposure.

To state a cause of action for negligence under Illinois law, a plaintiff must allege: (1) the existence of a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty of care; and (3) an injury proximately caused by that breach. *Monson v. City of Danville*, 115 N.E.2d 81,

95 (Ill. 2018). Under the applicable liberal pleading standards, Gerads has stated a colorable claim for negligence, and the Complaint alleges sufficient information to give Defendants fair notice of his claim against them.

Defendants also assert, in conclusory fashion, that Gerads' claims are barred by the two-year statute of limitations for personal injury claims. But "[p]erfunctory and undeveloped arguments are waived," especially when, as here, Defendants fail to provide any factual basis for the argument. *Robinson v. Wolfe*, 154 F. App'x 510, 513 (7th Cir. 2005).

## Conclusion

For the foregoing reasons, Defendants' motions to dismiss (Docs. 26, 34, 38, and 42) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 8, 2024**

**STACI M. YANDLE**
**United States District Judge**