IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES GERADS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3672-SMY |
| | ) |
| **84 LUMBER COMPANY, et al,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Gerads originally filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging injuries due to exposure to asbestos (*See* Doc. 1-1). Defendant Goulds Pumps, LLC ("Goulds") removed the case to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 1)[1]. Now before the Court is Plaintiff's Motion to Dismiss or Alternatively Remand for Defendant's Failure to Notify the State Court of Removal (Doc. 81), to which Goulds objects (Doc. 108).

Goulds removed this case from state court on November 13, 2023. On the day it removed the case, Goulds filed a Notice with the state court using an approved third-party electronic filing service called the "mydocfileserve.com" platform (Doc. 108-1, ¶ 4). Filings submitted using the mydocfileserve.com platform are automatically forwarded to the state court's official electronic filing platform. *Id.* at ¶ 5.

On November 27, 2023, counsel for Goulds received an electronic notification from the state court advising that the Notice had been rejected for a technical reason: "UNABLE TO FIND AN

---

[1] Defendants Cleaver-Brooks, Carrier Corporation, York International, and ITT LLC joined the removal.

ENTRY OF APPEARANCE." (Doc. 108-1, at ¶ 7). Goulds spoke with the state court clerk who advised that the Notice had been rejected in error. *Id.* at ¶ 8. The clerk further advised that the Notice would have to be resubmitted to the state court to correct the error. Goulds resubmitted the Notice the same day, and received an email notification on December 7, 2023 that the resubmitted Notice had been accepted. *Id.* at ¶¶ 9-11; ¶¶ 13-15.

Plaintiff asserts that this case should be remanded or dismissed because Goulds failed to promptly file a Notice of Filing of Notice of Removal ("Notice") with the state court. Under 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 626 (7th Cir. 2013). Here, Plaintiff's motion raises a statutory defect, and the deadline to object has long passed. Moreover, Goulds promptly complied with the requirements for removal under 28 U.S.C. § 1446(d) by filing a notice with the federal court, providing notice to all adverse parties, and filing a notice with the state court. *See Jeffery v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001). Any administrative errors with the requirements of § 1446(d) are not due to dilatory tactics by Goulds and the fourteen-day delay between removal and the refiling of the Notice in state court was not unreasonable.

Accordingly, Plaintiff's Motion (Doc. 81) is **DENIED**. This matter is set for a telephonic Scheduling Conference on September 19, 2024, at 2:30 p.m. Instructions for joining the conference call are as follows: All parties should call toll free 877-873-8017 and enter the access code 4354777. The parties shall submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order **at least seven (7) days prior to the conference call by email to SMYpd@ilsd.uscourts.gov.**

IT IS SO ORDERED.

DATED: August 19, 2024

*[signature]*

**STACI M. YANDLE**
**United States District Judge**